FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 10 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

              Plaintiff,

  -against-

THE TOWN OF OYSTER BAY,
TOWN SUPERVISOR JOHN VENDITTO
in his official capacity, and LONG ISLAND HOUSING
PARTNERSHIP, INC.,

              Defendants.

------------------------------------------------------------X

**COMPLAINT**

**CV 14 2317**

Civil Action No.
CV-14-_____

**SPATT, J.**
**WALL, M.**

(_____, J.)
(_____, M.J.)

Plaintiff, the United States of America, by its attorney, LORETTA E. LYNCH, United States Attorney for the Eastern District of New York, Michael J. Goldberger and Thomas A. McFarland, Assistant U.S. Attorneys, Of Counsel, for its complaint herein, states:

## INTRODUCTION

1. The United States of America brings this action pursuant to the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.* (the Act). As set forth below, defendants, including the Town of Oyster Bay (the Town), have engaged, and continue to engage in, a pattern or practice of discriminating against African-Americans in violation of the Act, through the use of two housing programs, called "Next Generation" and "Golden Age." The programs, which were designed to encourage construction of below market rate housing for first time homebuyers and senior citizens, give preference to Town residents and relatives of Town residents. Both programs remain in effect and units constructed under them remain subject to the residency preferences described below. The Town is predominantly white, and very few African-American residents are eligible for these housing programs. Indeed, few, if any of the units

developed under these programs have been purchased by African-Americans. Accordingly, these preferences illegally discriminate against African-Americans, who constitute a much larger percentage of the eligible population in surrounding areas.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to section 814(a) of the Act, 42 U.S.C. § 3614(a), and pursuant to 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c). The defendant Town is located in this district, and upon information and belief, the individual defendant, John Venditto, sued in his official capacity, resides in this district. Defendant Long Island Housing Partnership, Inc. has its primary place of business in this district.

4. The Attorney General is authorized by section 814(a) of the Act, 42 U.S.C. § 3614(a) to commence this civil action to enforce the provisions of the Act.

## FACTUAL ALLEGATIONS

A. Defendants

5. The Town of Oyster Bay, a locality in Nassau County, New York, consists of sixteen unincorporated communities and eleven incorporated villages. The Town includes the Town Council, which is responsible for approving new housing developments under both the Next Generation and Golden Age programs and making revisions to the Town's zoning code. The Town also includes its various agencies, which are responsible for administration of governmental programs, including the Department of Community and Youth Services, which administers the Golden Age program.

6. Defendant John Venditto is the Town Supervisor and Chief Executive

Officer of the Town of Oyster Bay. He was first elected Town Supervisor in 1997. Prior to that date, he served as Town Attorney. As Town Attorney, Mr. Venditto was responsible for drafting the legislation which created the Golden Age program. As Town Supervisor, he has been responsible for designing the Next Generation program and passing the legislation creating that program. He has overseen implementation of the Next Generation and Golden Age programs since 1997.

7. Defendant Long Island Housing Partnership (LIHP) is a not-for-profit organization which, according to its annual statement, seeks to "provide increased housing opportunities, throughout Long Island, for those unable to afford decent and safe homes. . . through development, homebuyer education and technical assistance programs and through leadership and public advocacy."

8. According to the 2010 Census, the Town has a population of 293,215. Whites constitute 85% and African-Americans, 2.3% of the population.

9. The population of nearby areas is considerably more diverse. The 2010 Census reports that the population of Nassau County is 1,339,532; whites constitute 73% of the population; African-Americans, 11.1%. The five boroughs of the City of New York have a total population of 8,175,133, 44% of which is white and 25.5% African-American.

B. The Next Generation Program

10. On November 9, 2004, the Town of Oyster Bay Town Council passed Resolution No. 778-2004, enacting Local Law No. 16-2004, the Next Generation program. The resolution amended the Town zoning code to offer developers incentives to build housing affordable to first-time homebuyers with incomes between 80% and 120% of median Town

3

income. In exchange for building affordable Next Generation housing, developers would be permitted to build up to 12 units per acre, more than ordinarily permitted.

11. As administered, the program gives first priority to Town residents and children of Town residents. The Town's purpose in creating the residency preference was to benefit young families who have ties to the Town, to the exclusion of individuals without such ties.

12. At the time of passage of the Next Generation Program, Town Supervisor Venditto stated that the goal of the Next Generation program was "to keep *our children* here, keep the generations flowing in the Town." He added that "[b]y providing *our young people* with an opportunity to achieve the personal and financial stability that accompanies homeownership, we are helping ensure that our Town remains the best place to live and raise a family for present and future generations." Other representatives and residents of the Town have made similar statements.

13. The Town hired LIHP to administer and implement the program, including designing and applying a methodology for applying residential preferences in the process of awarding housing under the program. LIHP solicited potential buyers of Next Generation houses through outreach and mailings. It also reviewed applications for eligibility, offered loan counseling to prospective buyers, designated units for purchase to households chosen to purchase units through a lottery it administered, and maintained the waiting lists for the units.

14. Two Next Generation Housing developments have been built in the Town to date, the Seasons at Plainview and the Seasons at Massapequa.

15. The Plainview development consists of approximately 134 units, including 28 Next Generation condominiums. The Town Council approved it on June 13, 2006. In October 2006, LIHP mailed approximately 6,000 applications for Next Generation housing to households on its mailing list. The applications listed six requirements for eligibility in the Next Generation program, including that applicants be a resident or a child of a resident of the Town of Oyster Bay.

16. LIHP received approximately 2,000 applications for the 28 Next Generation residences at the Seasons at Plainview. Two hundred sixty-nine applicants met the program's eligibility requirements. Two hundred forty of the eligible applicants were residents of the Town, or the children of residents of the Town, and therefore were given a residency preference; the other 29 eligible applicants were non-residents of the Town.

17. LIHP held a lottery for the Next Generation homes at the Seasons at Plainview on January 10, 2007. All of the 240 applicants with residential preference were ranked ahead of the 29 non-resident applicants.

18. Houses were offered to applicants in rank order. All 28 units at the Seasons at Plainview were awarded to Town residents.

19. The Seasons at Massapequa includes 30 Next Generation townhouses. It was approved by the Town Council in October 2007. LIHP determined that one hundred and forty-seven applicants were eligible for the Next Generation homes. LIHP held a lottery on January 30, 2008 to select the buyers for those homes. One hundred twenty-eight applicants received residency preferences and were ranked ahead of the 29 non-resident applicants.

20. During the relevant time period, African-American representation among

the pool of potential Next Generation homebuyers was substantially lower in the Town of Oyster Bay than in surrounding areas. African-Americans constituted less than 1% of families living in the Town of Oyster Bay who were income eligible and otherwise qualified to purchase housing under the Next Generation program. Conversely, whites made up as much as 90% of the pool of eligible families. The eligible population of Nassau County and Suffolk County residents was approximately 10% African-American and between 70% and 75% white. The eligible population in the New York City metropolitan area was approximately 20.5% African-American and approximately 48% white.

21. Of the winners of the lottery for Next Generation housing at the Seasons at Plainview, 88% were white and none were African-American. At the Seasons at Massapequa, at least 28 of 30 of the Next Generation homes were awarded to white families through the lottery; none of the units were awarded to African-Americans.

C. <u>Golden Age Housing</u>

22. In or about June 1993, the Town created the Golden Age housing program, to encourage development of below-market rate housing for senior citizens. As with the Next Generation program, developers who build Golden Age housing receive zoning variances which allow them to build housing more densely than under current zoning restrictions, in exchange for lower sale prices. At all times since its inception, the Golden Age program has had some form of residency preference.

23. The Golden Age program currently has four categories of residency preference that must be satisfied before non-resident applicants are offered housing developed under the program: (a) residence in the school district; (b) residence in the Town; (c) child

resides in the school district; (d) child resides in the Town.

24. Since the program was adopted, more than 1,400 units of affordable senior housing units have been approved in the Town.

25. African-American representation among the pool of potential Golden Age homebuyers was significantly lower in the Town of Oyster Bay than in surrounding areas. Depending upon the metric used and the time that the Golden Age development was constructed, African-Americans constituted between zero percent and no more than four tenths of one percent of families living in the Town of Oyster Bay who were income eligible and otherwise qualified to purchase housing under the Golden Age program. Conversely, whites made up as much as 99% of the pool of eligible families in the Town. The eligible population of Nassau County and Suffolk County residents was between 3% and 10% African-American and approximately 86% white. The eligible population in the New York City metropolitan area was between approximately 10% and 20% African-American and between approximately 49% and 85% white.

26. Virtually all of the housing units developed under the Golden Age program have been purchased by whites who obtained their units pursuant to the preferences; only a handful, at most, have been purchased by African-Americans.

## CLAIM FOR RELIEF

27. The Act prohibits discrimination in housing based upon, among other things, race and national origin. Specifically, section 804 of the Act, 42 U.S.C. § 3604, provides that it shall be unlawful:

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, *or otherwise make*

> *unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.*

and

> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

(emphasis added).

28. The Town of Oyster Bay's Next Generation and Golden Age programs violate the Fair Housing Act because they deny African-Americans the opportunity to purchase homes developed under the programs and because they impose different terms, conditions, or privileges upon African-Americans seeking to purchase homes in those programs.

29. As a result of the foregoing, the United States is entitled to injunctive relief against defendants:

a. declaring that the discriminatory pattern or practices of the defendants set forth above violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 et seq. ;

b. enjoining the defendants and their agents and employees from unlawfully discriminating on the basis of race and/or color in the sale or rental of a dwelling,

c. remedying the effects of defendants' discriminatory conduct, including, but not limited to, damages on behalf of each and every aggrieved party, pursuant to 42 U.S.C. § 3614(d)(1)(B), and

d. ordering, in order to vindicate the public interest, pursuant to 42 U.S.C. § 3614(d)(1)(C), that the United States is entitled to civil penalties against each defendant in an amount not to exceed $55,000.

WHEREFORE, Plaintiff United States of America requests that the Court enter

judgment:

A. Declaring that the discriminatory pattern or practices of the defendants as set forth above violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 et seq.;

B. Enjoining the defendants and their agents and employees from unlawfully discriminating on the basis of race and/or color in the sale or rental of a dwelling, pursuant to 42 U.S.C. § 3614(d)(1)(A);

C. Ordering defendants to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of their unlawful practices including, but not limited to, paying damages on behalf of each and every aggrieved party, pursuant to 42 U.S.C. §3614(d)(1)(B); and

D. Imposing civil penalties on the defendants for their discriminatory behavior in order to vindicate the public interest, pursuant to 42 U.S.C. § 3614(d)(1)(C); and

E. Granting such other and further relief that is just and proper.

Dated: Brooklyn, New York
April 10, 2014

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By: /s/
MICHAEL J. GOLDBERGER
THOMAS A. MCFARLAND
Assistant United States Attorneys
(718) 254-6052
(631) 715-7863

ERIC H. HOLDER, JR.
Attorney General

JOCELYN SAMUELS
Acting Assistant Attorney General

/s/ Neta Borshansky
STEVEN H. ROSENBAUM
Chief
R. TAMAR HAGLER
Deputy Chief
NETA BORSHANSKY
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement
Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Phone: (202) 353-0261
Fax: (202) 514-1116
E-mail: Neta.Borshansky@usdoj.gov