UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

                        **ORDER**
      -against-                14–CV–2317 (ADS)(SIL)

THE TOWN OF OYSTER BAY and TOWN
SUPERVISOR JOHN VENDITTO, in his
official capacity,

                Defendants.
---------------------------------------------------------X

**APPEARANCES:**

**United States Attorneys Office**
*Attorneys for the Plaintiff*
271 Cadman Plaza East
Brooklyn, NY 11201-1820
      By: Michael.Goldberger, Assistant U.S. Attorney
         Thomas A. McFarland, Assistant U.S. Attorney

**United States Department of Justice, Civil Rights Bureau**
*Attorneys for the Plaintiff*
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
      By: Neta Borshansky, Trial Counsel
         Beth Susan Frank, Trial Counsel

**Covington & Burling LLP**
*Attorneys for the Defendants*
1201 Pennsylvania Avenue N.W.
Washington, DC 20004
      By: Anthony Herman, Esq.
         Christopher Yuk Lun Yeung, Esq.
         Matthew Berns, Esq., Of Counsel

**SPATT, District Judge**.

On April 10, 2014, the United States (the "Plaintiff") commenced this action against the Town of Oyster Bay and the Town Supervisor John Venditto, in his official capacity (collectively, the "Defendants"). The Plaintiff asserts claims under the Fair Housing Act, 42 U.S.C. § 3601, *et seq* (the "FHA") and alleges that the Defendants engaged in, and continue to engage in, a pattern or practice of discrimination against African Americans through the implementation of two affordable housing programs.

On September 29, 2014, the Defendants filed a motion pursuant to Federal Rule of Civil Procedure ("Fed R. Civ. P.") 12(b)(6) to dismiss the Plaintiff's complaint. (Dkt. No. 17.) In particular, the Defendants argue that the Plaintiff's complaint could only be read as asserting a discrimination claim based on a disparate impact theory, not a theory of intentional discrimination or disparate treatment. (The Defs.' Memo of Law, at 1.) Further, the Defendants contend that because disparate impact claims are not cognizable under the FHA, the Plaintiff's complaint should be dismissed in its entirety. (Id.)

On October 31, 2014, the Defendants filed a motion to stay proceedings in this action pending the decision of the United States Supreme Court in Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc., No. 13–1371, 135 S. Ct. 46 (2014) ("Texas DHCA"). (Dkt. No. 22.) The question presented in Texas DHCA is whether disparate impact claims are cognizable under the FHA.

On December 5, 2014, the Court denied the Defendants' motion to stay proceedings. (Dkt. No. 29.) The Court construed the complaint as asserting a claim of intentional discrimination in addition to a claim of discrimination under a theory of disparate impact. The Court further found that the Plaintiff had plausibly alleged a viable intentional discrimination

claim.  Therefore, the Court noted that resolution of Texas DHCA would not be dispositive of this entire case.  (Memorandum of Decision & Order, Dec. 5, 2014, at 8–13.)

For the reasons set forth on pages 8 through 13 of its December 5, 2014 Memorandum of Decision and Order, the Court also denies the Defendants' motion to dismiss the complaint without prejudice.  The Defendants may file a renewed motion to dismiss solely with respect to the Plaintiff's disparate impact claim 30 days after the issuance of Texas DHCA.  See Powerweb Energy, Inc. v. Hubbell Lighting, Inc., No. 12-CV-220 (WWE), 2014 WL 1784082, at *8 (D. Conn. May 5, 2014) ("The Court will deny without prejudice defendants' motion for summary judgment on the CUTPA claim.  After the [Connecticut] Supreme Court has rendered its decision in Western Dermatology Consultants, P.C. v. Vitalworks, Inc., 310 Conn. 955 (2013), defendants may file a renewed motion on this claim.").

In the interim, discovery should proceed on schedule.

**SO ORDERED.**
Dated: Central Islip, New York
December 13, 2014

                                                         /s/ Arthur D. Spatt
                                                          ARTHUR D. SPATT
                                                     United States District Judge