**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

TOWN OF OYSTER BAY, and
TOWN SUPERVISOR JOHN VENDITTO, in his
official capacity,

                Defendants.

Case No.: 2:14-cv-02317 (ADS)(SIL)

ECF CASE

**ANSWER OF DEFENDANTS TOWN OF OYSTER BAY
AND TOWN SUPERVISOR JOHN VENDITTO**

      Defendants the Town of Oyster Bay and Town Supervisor John Venditto, in his official capacity (collectively, the "Town Defendants"), in answer to the Plaintiff's Complaint, state as follows:

**<u>INTRODUCTION</u>**

      1.     Paragraph 1 contains a description of Plaintiff's claims, to which no answer is required. The Town Defendants deny that they have engaged in the unlawful conduct alleged or any other unlawful conduct, and deny that Plaintiff is entitled to any or all of the relief requested or to any other relief.

**<u>JURISDICTION AND VENUE</u>**

      2.     Paragraph 2 is a statement of jurisdiction to which no answer is required.

      3.     Paragraph 3 is a statement of venue to which no answer is required.

1

4.     Paragraph 4 is a legal conclusion to which no answer is required. Section 814(a) of the Fair Housing Act, 42 U.S.C. § 3614(a), speaks for itself.

## FACTUAL ALLEGATIONS

A.     Defendants

5.     The Town Defendants admit that the Town of Oyster Bay is a locality in Nassau County, New York, but deny that the Town of Oyster Bay consists of sixteen unincorporated communities and eleven incorporated villages. The Town Defendants admit the remaining allegations contained in paragraph 5.

6.     The Town Defendants admit that John Venditto is the Town Supervisor and Chief Executive Officer of the Town of Oyster Bay. The Town Defendants further admit that he was first elected Town Supervisor in 1997, and served as Town Attorney prior to that date. The Town Defendants deny each and every remaining allegation contained in paragraph 6.

7.     The allegations in paragraph 7 pertain solely to another defendant, Long Island Housing Partnership (LIHP), and therefore no response is required from the Town Defendants.

8.     The 2010 Census speaks for itself, and the Town Defendants can neither admit nor deny the contents therein.

9.     The 2010 Census speaks for itself, and the Town Defendants can neither admit nor deny the contents therein. The Town Defendants additionally deny Plaintiff's characterization of "nearby" areas and that such areas are "considerably more diverse."

B.     The Next Generation Program

10.     The Town Defendants admit the factual allegations contained in paragraph 10.

11.     The Town Defendants admit the factual allegations contained in the first sentence of paragraph 11.  The remainder of paragraph 11 is denied.

12.     The Complaint provides no source, context, or citation for its quotations of Defendant John Venditto; accordingly, the Town Defendants are without sufficient information or knowledge to admit or deny the accuracy of the quotations.  The Town Defendants are without sufficient information or knowledge to admit or deny statements made by other representatives and residents of the Town.

13.     The Town Defendants admit the Town hired LIHP to administer and implement the Next Generation program.  The Town Defendants answer further that they instructed LIHP to conduct such administration in accordance with applicable law and regulation.  The Town Defendants are without sufficient knowledge or information to admit or deny specific actions taken by LIHP.

14.     The Town Defendants admit the factual allegations contained in paragraph 14.

15.     The Town Defendants admit the factual allegations contained in the first two sentences of paragraph 15.  The Town Defendants are without sufficient knowledge or information to admit or deny actions taken by LIHP, and therefore deny each and every remaining allegation contained in paragraph 15.

16.     The Town Defendants are without sufficient knowledge or information to admit or deny the factual allegation contained in the first sentence of paragraph 16, as it relates to Defendant LIHP.  The Town Defendants admit the remaining factual allegations contained in paragraph 16.

17.     The Town Defendants admit the factual allegations contained in paragraph 17.

18.     The Town Defendants admit that homes were offered to applicants in accordance with the requirements governing the Next Generation program, and admit that the 28 units of the Seasons at Plainview were awarded to Town residents.

19.     The Town Defendants admit the first factual allegation contained in the first sentence of paragraph 19.  The Town Defendants are without sufficient knowledge or information to admit or deny actions taken by LIHP.  The Town Defendants admit a lottery was held on January 30, 2008 to select buyers for 30 Next Generation homes.  The Town Defendants deny each and every remaining allegation contained in paragraph 19.

20.     The Town Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 20.  To the extent the allegations contained in paragraph 20 are from the 2010 Census, the 2010 Census speaks for itself and the Town Defendants can neither admit nor deny the contents therein.

21.     The Town Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 21.  To the extent that the facts alleged in paragraph 21 are intended to suggest that the purpose of the program is improper or unlawful, paragraph 21 is denied.

C.      Golden Age Housing

22.     The Town Defendants admit the factual allegations contained within the first and third sentences of paragraph 22.  The Town Defendants deny the remaining allegations of paragraph 22.

23.     The Town Defendants deny the factual allegations contained in paragraph 23.

24.     The Town Defendants admit the factual allegations contained in paragraph 24.

25.     The Town Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 25, and in particular, the subjective characterization of "surrounding areas."  To the extent the allegations contained in paragraph 25 are from the 2010 Census, the 2010 Census speaks for itself and the Town Defendants can neither admit nor deny the contents therein.

26.     The Town Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 26, and therefore deny each and every allegation contained therein, and in particular the subjective and vague characterizations of "virtually all" of the housing units and a "handful, at most."

## CLAIM FOR RELIEF

27.     Paragraph 27 is a legal conclusion to which no answer is required.  Section 804 of the Fair Housing Act, 42 U.S.C. § 3604, speaks for itself.

28.     Paragraph 28 is a legal conclusion to which no answer is required.  To the extent that any answer is required, the Town Defendants specifically deny (1) that the Next Generation and Golden Age programs violate the Fair Housing Act, (2) that the programs deny African-Americans the opportunity to purchase homes developed under the programs, and (3) that the programs impose different terms, conditions, or privileges upon African-Americans seeking to purchase homes in those programs.

29.     The Town Defendants deny that Plaintiff is entitled to any or all of the relief requested or to any other relief.

## NUMBERED DEFENSES

### FIRST NUMBERED DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND NUMBERED DEFENSE

The Complaint fails to allege a viable cause of action under any of the asserted theories.

### THIRD NUMBERED DEFENSE

Plaintiff is barred by the doctrines of waiver, estoppel, and laches.

### FOURTH NUMBERED DEFENSE

The Complaint fails to set forth facts sufficient to constitute a violation of the Fair Housing Act.

### FIFTH NUMBERED DEFENSE

The Town Defendants, at all times relevant herein, acted in good faith.

### SIXTH NUMBERED DEFENSE

The Town Defendants did not deny any individual the benefits of the services, programs, or activities of the Town of Oyster Bay on the basis of race or any other protected class.

### SEVENTH NUMBERED DEFENSE

No policy, regulation, or decision officially adopted or promulgated by the Town Defendants or ratified by the Town Defendants authorized a deprivation of any individual's rights under the Fair Housing Act.

## EIGHTH NUMBERED DEFENSE

The Court lacks subject matter jurisdiction as to some or all of the claims made.

## NINTH NUMBERED DEFENSE

The Complaint sets forth claims which are unconstitutional.

## TENTH NUMBERED DEFENSE

Plaintiff's claims against Defendant John Venditto are barred by the doctrines of qualified and/or absolute immunity.

## ELEVENTH NUMBERED DEFENSE

The Town Defendants reserve the right to raise any additional defenses, affirmative or otherwise, as information becomes available.

## <u>DEMAND FOR JURY TRIAL</u>

Under Fed. R. Civ. P 38(b), the Town Defendants demand a jury trial of all issues raised by Plaintiff's Complaint.


Dated: January 26, 2015

Respectfully submitted,


/s/ Brett Reynolds

| | |
|---|---|
| Christopher Y. L. Yeung | Brett Reynolds |
| COVINGTON & BURLING LLP | Anthony Herman |
| The New York Times Building | COVINGTON & BURLING LLP |
| 620 Eighth Avenue | One CityCenter |
| New York, NY 10018 | 850 Tenth Street, NW |
| (212) 841-1262 | Washington, DC 20001 |
| cyeung@cov.com | (202) 662-6000 |
| | breynolds@cov.com |
| | aherman@cov.com |

*Attorneys for Defendants the Town of Oyster Bay and Town Supervisor John Venditto*

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2015, I caused true and correct copies of the Answer of Defendants Town of Oyster Bay and Town Supervisor John Venditto to be served on the following counsel of record via ECF:

| | | |
|---|---|---|
| Michael J. Goldberger | Neta Borshansky | Thomas A. McFarland |
| U.S. Attorneys' Office | U.S. Department of Justice | U.S. Attorneys' Office |
| Eastern District of New York | Civil Rights Division | Eastern District of New York |
| 271 Cadman Plaza East | 950 Pennsylvania Ave., N.W. | 610 Federal Plaza |
| Brooklyn, NY 11201-1820 | Washington, D.C. 20530 | Central Islip, NY 11722 |
| (718) 254-6052 | (202) 535-0261 | (631) 715-7863 |
| michael.goldberger@usdoj.gov | neta.borshansky@usdoj.gov | thomas.mcfarland@usdoj.gov |

*Attorneys for Plaintiff United States of America*

Dated: January 26, 2015

/s/ Brett Reynolds
Brett Reynolds
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
breynolds@cov.com

*Attorney for Defendants
the Town of Oyster Bay and
Town Supervisor John Venditto*