

U.S. Department of Justice

*United States Attorney's Office*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 19, 2015

VIA ECF

Honorable Steven I. Locke
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

  Re: *United States v. Town of Oyster Bay et ano.*
    <u>Civil Action No. CV-14-2317 (ADS/ SIL)</u>

Dear Magistrate Judge Locke:

  This letter is respectfully submitted to respond to defendants' letter dated November 16, 2015, in which defendants purport to ask the Court for "clarification" of its order at the conference held on October 30, 2005. As set forth below, defendants' request is nothing more than a thinly-disguised effort to prevent the United States from taking the discovery to which it is clearly entitled. Their request also flies in the face of the Court's directive at the October 30, 2015 conference. Indeed, despite numerous efforts by the United States to schedule the requested depositions, defendants have thus far refused to offer one witness for deposition since the conference.

  Prior to the October 30, 2015 conference, defendants had produced four witnesses for deposition.[1] During the conference before Your Honor, the United States explained that, because of the complexity of this case, it required approximately an additional 17 depositions. The list of additional depositions required by the United States, which was presented to the Court during the conference, is attached to this letter for the Court's reference. Defendants' counsel indicated at the conference that he did not object specifically to any of the individual depositions the United States sought, but objected only to the United States' request to conduct more than ten depositions.

---

[1] Defendants gratuitously and inaccurately describe the four witnesses the United States has deposed as individuals who "did not play any meaningful role in the development of the residency preferences at issues or otherwise have any material testimony to offer." The United States deposed two of Town's key consultants on the Next Generation program and the former Commissioner and Deputy Commissioner of Planning and Development. According to the documents the Town provided the United States, all four played key roles in the development and implementation of the Next Generation program.

The Court deferred deciding whether the United States would be permitted to take more than 10 depositions and directed the parties to work together to schedule six more depositions by December 18, 2015, when the parties are scheduled to appear again before Your Honor. The United States notified defendants the following Tuesday, November 3, 2015, of the six depositions that it sought to take. The United States proposed to take the depositions over three days, and proposed six possible dates at the end of November and beginning of December.

Rather than discuss scheduling logistics, defendants instead objected to the witnesses we seek to depose and insisted we take the depositions of other individuals. They accuse the United States of "gamesmanship" and engaging in a "fishing expedition." (Defendants' November 16, 2015 letter at 2). Contrary to the position they took during the court conference, when they appeared to acknowledge the relevance of all of the witnesses we seek to depose, they now characterize those admittedly relevant witnesses as "peripheral."[2]

Defendants' objections should be rejected; it is not for defendants to determine who the United States will depose takes and when. Moreover, other than their conclusory assertion, they offer no support for their claim that the witnesses are "peripheral." In fact, all six are reasonably believed to have knowledge about the creation of the two housing programs at issue and, perhaps most significantly, the knowledge and intent of the Town when it created and implemented these programs. The six are composed of four town councilmembers responsible for the introduction and passage of the Next Generation housing program (Anthony Macagnone, Mary McCaffery, Christopher Coschignano and Anthony Delligatti), the Town Councilmember who wrote the Golden Age legislation and obtained its passage, (Leonard Symons), the Town Supervisor when the Golden Age program was created (Lewis Yevoli), and the former Town Planning Commissioner (Jack Libert). The last of these witnesses, Mr. Libert, was discussed during the court conference and defendants' counsel expressly stated that he did not object to having Mr. Libert deposed. Given their involvement in the creation and development of these programs, they are hardly "peripheral" witnesses.

Nor do defendants offer any justification in their letter for limiting the United States to 10 depositions. Under the Federal Rules of Civil Procedure 30(a)(2)(i), the limit of 10 depositions per party is a *presumptive* limit, and the Court has discretion to expand that number. The rule states that a "court *must* grant leave to the extent consistent" (emphasis added) so long as such leave is consistent with Rule 26(b)(2)'s general prohibitions on discovery which is burdensome or cumulative. As the Court is aware, at issue in this case are two Town of Oyster Bay affordable housing programs which the United States alleges discriminate against African Americans by imposing residency preferences for selection of purchasers of homes developed under the programs. The intent of those who created and implemented the programs and their consideration of the programs' possible discriminatory effects are key issues in the case. As would be expected, it appears that the decisionmaking and implementation processes for each program are fragmented. No one individual made all the decisions for the Town. Multiple consultants and many members of Town government, including the Supervisor, Town Councilmembers and employees of the Town, played roles in the decision-making processes. It is for this reason, among others, that the United States requires more than 10 depositions.

---

[2] Defendants suggest in their letter that "plaintiff's counsel did not deny that the list included relatively peripheral witnesses." This is simply inaccurate.

Moreover, as the Court appeared to recognize at the October 30, 2015 conference, the question of depositions beyond the presumptive limit is not yet ripe for adjudication. The United States is entitled, without undue interference from defendants or the need for court intervention, to conduct six more depositions. Defendants' letter concerns what occurs *after* those depositions are completed, an issue the Court expressly stated it would address during the December 18, 2015 conference. No court action is necessary at this time, then, other than to direct defendants to comply with the Court's October 30, 2015 directive and provide without further delay the witnesses designated by the United States for deposition.

          Respectfully submitted,

          ROBERT L. CAPERS
          United States Attorney

By: *[signature]*

          Michael J. Goldberger
          Sean Greene
          Assistant U.S. Attorneys
          (718) 254-6052/ 6484

Cc: Counsel for Defendants (via ECF)

DEPOSITIONS SOUGHT BY PLAINTIFF UNITED STATES OF AMERICA
AS OF OCTOBER 30, 2015

*United States v. Town of Oyster Bay*, Civil Action No. CV-14-2317(ADS/SIL)

| NEXT GENERATION PROGRAM | GOLDEN AGE PROGRAM |
|---|---|
| David Schiff, Town Consultant* | Steven LaBriola, Town Clerk |
| Hal Mayer, Town Consultant* | Leonard Symons, Town Councilmember |
| Leslie Maccarone, Deputy Commr. CPD* | Leonard Kunzig, Town Councilmember |
| Frank DeStefano, Commr., CPD* | Lewis Yevoli, Town Supervisor |
| Jack Libert, Commr., CPD | Maureen Fitzgerald, Community and Youth Svces. |
| Town Councilmembers:<br>    Anthony Macagnone<br>    Christopher Coschignano<br>    Anthony Delligati<br>    Joseph Muscarella<br>    McCaffery<br>    Rose Walker | Gloria Hobbs, Community and Youth Services |
| Leonard Genova, Deputy Town Supervisor | |
| John Venditto, Town Supervisor | |
| 30(b)(6) Current Admnr., Next Gen Pgm. | |
| David Portman, Town Consultant# | |

*Depositions conducted to date
# Not yet noticed