UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                        Plaintiff,

        -against-                                  CV-14-2317 (ADS) (SIL)

TOWN OF OYSTER BAY and
TOWN SUPERVISOR JOHN VENDITTO,
                                                          **ORDER**

                      Defendants.
------------------------------------------------------------X

**LOCKE, United States Magistrate Judge,**

      Presently before the Court in this housing discrimination case is Plaintiff's, the United States of America (the "Government" or "Plaintiff"), letter motion for leave to take more than the ten depositions permitted under Fed. R. Civ. P. 30(a)(2)(A)(i). *See* DE [67]. Defendants, the Town of Oyster Bay (the "Town") and John Venditto, oppose the motion. *See* DE [68]. For the reasons set forth below the motion is granted in part and denied in part without prejudice and with leave to renew.

*Background*

      In this lawsuit, the Government challenges two Town affordable housing programs, which it alleges unlawfully discriminate against African Americans: the Golden Age Program, designed to encourage real estate development for seniors, and the Next Generation Program, designed to encourage developers to build affordable housing for first time buyers (together the "Programs"). The Programs were adopted in 1992 and 2004 respectively. According to Plaintiff, both Programs give a preference to Town residents and their relatives. Because the Town population is largely white, the Programs effectively discriminate against African Americans in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. The Government asserts claims for both disparate impact

1

and disparate treatment. To date, Plaintiff has taken nine depositions, with a tenth being scheduled. The Government seeks further depositions in addition to the original ten.

*Discussion*

The Government's motion for leave to take more than ten depositions is governed by Rule 30 of the Federal Rules of Civil Procedure, which provides in relevant part:

> A party [seeking a deposition] must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the parties have not stipulated to the deposition and the deposition would result in more than 10 depositions being taken under this rule . . . .

Fed. R. Civ. P. 30(a)(2)(A)(i). Rule 26(b)(1) provides for discovery of matters that are non-privileged, and that are relevant and proportional to the needs of the case considering the importance of the issues, the amount in controversy, relative access to information, the parties' resources, the importance of the discovery to resolving the issues, and the relative burden of the expense involved versus the likely benefit. *See* Fed. R. Civ. P. 26(b)(1). Further, the discovery sought should not be unduly burdensome, cumulative or duplicative. Fed. R. Civ. P. 26(b)(2); *see In re Weatherford Int'l Secs. Litig.*, No. 11 Civ. 1646 (LAK) (JCF), 2013 WL 5762923 (S.D.N.Y. Oct. 24, 2013) (applying these standards). The purpose of Rule 30 is to prevent undue harassment, avoid delay and enable courts to maintain a tighter rein on discovery. *RxUSA Wholesale, Inc. v. McKesson Corp.*, No. CV 06-4343 (DRH) (AKT), 2007 WL 1827335, at *2 (E.D.N.Y. June 25, 2007); *Commodity Futures Trading Comm'n v. Commodity Inv. Grp., Inc.*, No. 05 Civ. 5741, 2005 WL 3030816 (S.D.N.Y. Nov. 10. 2005) (granting in part and denying in part leave to take further depositions). The moving party needs to show the need for the additional depositions, but "'counsel's judgment about [how many depositions] it need[s] is entitled to a good deal of deference.'" *In re Weatherford*, 2013 WL 5762923, at *2 (quoting *San Francisco Health Plan v.*

*McKesson Corp.,* 264 F.R.D. 20, 21 (D. Mass. 2010)). Once the moving party shows the need for the depositions, the trial court has the discretion to grant the motion. *Matusick v. Erie County Water Auth.*, No. 07CV489A, 2009 WL 129439, at *1 (W.D.N.Y. Jan. 16, 2009); *Victory v. Pataki*, No. 02-CV-0031S(sr), 2008 WL 4500202, at *2 (W.D.N.Y. Sept. 30, 2008).

Applying these standards, the Government's motion is granted in part and denied in part. Initially Plaintiff has sufficiently explained its need for the depositions it seeks. This is a case concerning two municipal housing programs enacted over a decade apart. Accordingly, there was decision-making by two sets of Town councils, each relying on Town employees, agents, consultants and attorneys. Once each program was approved by the Town, it had to be implemented and administered. Accordingly, and contrary to Defendants' characterization, the Court does not view this case as "straightforward." This is especially so in the context of discrimination claims where the one who discriminates is "unlikely to leave a smoking gun." *See Rosen v. Thornburgh*, 928 F.2d 528, 533 (2d Cir. 1991) (addressing discrimination in the employment context); *E.E.O.C. v. Bloomberg L.P.*, 967 F. Supp. 2d 816, 833 (S.D.N.Y. 2013) (same). It is these Town Officials, consultants and agents the Government seeks to depose. *See* DE [67] at 4-6. Accordingly, in an exercise of its discretion, the Court grants Plaintiff's motion for leave to depose consultant David Portman, Town Supervisor John Venditto, Deputy Town Supervisor Leonard Genova, Program administrator Karen Underwood, Council Members Christopher Coschigano, Anthony Muscarello and Rose Walker, Former Town Council Member Leonard Kunzig, Town Clerk Steven La Briola, Commissioner Maureen Fitzgerald and Gloria Hobbs.

In reaching this conclusion, the Court notes that Defendants do not object to any of these depositions on relevance grounds. Rather, they argue that these depositions are unreasonably

3

cumulative and duplicative.  The Court disagrees.  Defendants' argument is essentially that each Town official, consultant and agent will testify identically, and so no more depositions are warranted.  In a discrimination case such as this however, where the Court is addressing not one, but two housing programs enacted 12 years apart, the discovery at issue is conceded to be relevant, and the moving party has articulated a sufficient reason as to why each deposition sought is necessary and each one previously taken was appropriate, the standards for seeking further depositions are met and the Court exercises its discretion to grant the depositions.

Having reached this conclusion, the Court is skeptical of Defendants' claim that the depositions are unduly burdensome.  On the one hand, the Town seeks to portray itself as a small entity of means sufficiently limited that further depositions should be barred.  Yet to litigate what it characterizes as a "straightforward" case it has retained an international law firm with offices, according to its letterhead, in Beijing, Brussels, London, Los Angeles, New York, San Francisco, Seoul, Shanghai, Silicon Valley and Washington.  According to at least one media report, Defendants have spent many hundreds of thousands of dollars on this litigation to date.  *See* T. Phillips, *Sharp Rise in Outside Legal Fees for Town*, NEWSDAY, Dec. 15, 2015, at A17.  Further, the Government has offered to limit the length of the depositions sought, and take more than one per day.  Accordingly, the Court concludes that Defendants' undue burden argument lacks merit.

Finally, the Court disagrees with Defendants' argument that stakes in this litigation do not warrant the discovery sought.  While it may be true that the monetary damages sought in this matter are limited, the Supreme Court has described the commitment toward creating an integrated society, and therefore the country's commitment to eradicating housing discrimination, as "historic."  *Texas Dep't of Housing & Community Affairs, v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2525 (2015).  Accordingly, the importance of the outcome of this litigation cannot

4

be quantified by the available damages alone.  Further the Court disagrees with Defendants' argument that because there are only 58 units of Next Generation Housing available any injunctive relief "would be utterly inconsequential."  Taking this outcome to its logical conclusion would mean that those municipalities, large or small, which are only engaging in discriminatory housing practices by adopting smaller housing programs, are more shielded from Government investigation than larger programs, an outcome the Court declines to adopt.

While the Court grants the motion for leave to take the depositions of the individuals identified above, the Court denies the motion inasmuch as the Government seeks to depose Frank Scalera, Thomas Sabellico, Leslie Bennett, Kenneth Berkman and Gregory Giammalvo.  It appears from the motion papers that all of these individuals are attorneys, and the Court has insufficient information before it to determine whether the discovery sought is protected by some privilege or related doctrine.  Accordingly, the motion for leave to depose these individuals is denied without prejudice to renew so that any issues may be more fully briefed by both sides, by letter motion or otherwise.

*Conclusion*

For the reasons set forth above, the Government's motion is granted in part and denied in part.  The parties are to work out a schedule to take the depositions of the individuals identified above, and then submit the schedule to the Court along with dates when all sides are available for a status conference at the conclusion of the depositions.  This schedule should be submitted on or before June 4, 2016.

Dated: Central Islip, New York        **SO ORDERED**
       May 10, 2016

                                      Steven I. Locke, USMJ

5