**U.S. Department of Justice**

*United States Attorney's Office*
*Eastern District of New York*

---

August 30, 2016

VIA ECF
Hon. Steven I. Locke
United States Magistrate Judge
Eastern District of New York
100 Courthouse Drive
Central Islip, NY 11722

    Re:    United States of America v. Town of Oyster Bay *et ano.*
               Civil Action No. CV-14-2317 (ADS/ SIL)

Dear Magistrate Judge Locke:

    The United States respectfully submits this letter for an order compelling defendants to (1) produce documents related to the work of Karen Underwood, the Deputy Town Attorney responsible for currently administering the Next Generation program, one of the two programs at issue in this Fair Housing Act litigation, and to produce Ms. Underwood for deposition within a reasonable time after it produces the documents; and (2) to make available for copying its application files for the Golden Age program, the other housing program in this case.

    1.    <u>Defendants Have Improperly Refused to Produce the Town Attorney's Files Regarding Its Administration of the Next Generation Program</u>

    Shortly after this action was filed in 2014, the Town terminated its relationship with the Long Island Housing Partnership, which had administered the Next Generation program since its inception in 2004. The responsibility for that work was transferred to the Town Attorney's Office. Karen Underwood, a Deputy Town Attorney, was assigned to administer the program. The Court directed defendants to produce Ms. Underwood for deposition in its decision dated May 10, 2016 (Dkt. No. 73). Ms. Underwood's deposition was originally scheduled for June 30, 2016, pursuant to the schedule agreed upon by the parties (*see* letter from the United States to the Court dated June 13, 2016, Dkt. No. 75). The United States agreed twice to adjourn that deposition at Defendants' request, and it was finally rescheduled to August 26, 2016.

    Defendant did not produce any records regarding Ms. Underwood's work on the Next Generation program between June 30, 2016 and August 24, 2016 and represented previously that it had produced all records regarding the program, including all applications for housing under the program. However, on August 24, 2016, just two days before Ms. Underwood's deposition was scheduled to be taken, defendants produced a selection of documents which appear to relate to her work on the Next Generation program. These documents include the template for the letters the Town sent to applicants for Next Generation housing, the template of the Town's letter to individuals who were deemed not eligible for the program, and a blank application form. In

total, the Town produced approximately 21 pages of generic documents and a spreadsheet representing the current waitlist of applicants for Next Generation housing. Those documents establish that the Town has additional documents responsive to the United States' document requests regarding Ms. Underwood's work on the Next Generation program. For example, the Town has failed to produce applications it received for Next Generation housing, letters sent to individual applicants, and waitlists which it maintained in the past.

Counsel for defendants has acknowledged that defendants possess such additional documents, and that his client had failed to produce them. Yet inexplicably, defendants refuse to produce these documents even though they are clearly relevant. The undersigned spoke on August 25, 2016 with counsel for defendants to address their failure to produce and find a way to proceed with Ms. Underwood's deposition the next day. We offered to go forward with Ms. Underwood's deposition, but with the proviso that the balance of Ms. Underwood's documents were promptly produced and that it might be necessary to continue Ms. Underwood after production of those documents. Counsel declined to agree to these terms or to produce the requested documents. He asserted that, with the exception of the additional waitlists (which he offered to produce by 4:30 in the afternoon before the deposition, but still has not), the documents are "burdensome and duplicative."

Defendants' assertion has no merit. Counsel stated that there were "not a lot" of documents, "perhaps a few file folders." Given the tens of thousands of pages of documents already produced in this case, production of these Next Generation documents hardly seems a burden at all. Moreover, they are not duplicative of any other documents. Counsel suggested that we could obtain the same information contained in the letters to applicants from the template and the waitlists. However, the United States is entitled to see the actual letters, and not just defendants' scattered data. Moreover, defendants have not produced any of the applications submitted to Ms. Underwood, only one blank form. Defendants have already produced hundreds of applications for the Next Generation program received by LIHP, and has permitted inspection, but not copying, of applications for the Golden Age program (*see* the discussion below). It has never before argued that these records are anything but relevant and subject to production. Indeed, the applications for housing developed under the programs at issue in this case are one of the core issues in this case. The information contained in those records reflects who applied for housing, and the treatment by the Town of applicants from within and outside the Town. Accordingly, defendants should be ordered to produce the remainder of the records regarding the Town Attorney's administration of the Next Generation program and produce Ms. Underwood for deposition on a mutually agreed upon date in the near future.

2. <u>Defendants Have Imposed Unreasonable Burdens on Production Of Its Golden Age Application Files</u>

In response to the United States' First Set of Interrogatories, defendants indicated that they possessed applicant and "re-sale" files for Golden Age Housing, and would make them available for inspection and copying. Our inspection of the documents has disclosed that the Town possesses approximately 30,000 pages of responsive documents. Given the volume of documents involved and the Town's representation that many of the files were active, we proposed a "rolling production" of the documents to a third-party vendor, paid for by the United

States, which would scan the documents and return them promptly. The United States made this proposal to try to devise the least burdensome and intrusive method of obtaining documents that were undisputedly relevant to the claims and defenses in this action. Defendants have rejected the United States' proposal and advised that "any scanning of files will need to be done on-site and outside of regular business hours." Defendants also noted that their counter-proposal entailed "significant expense to the Town's taxpayers," including for security, facilities and overtime labor.

The Town's position is unreasonable. By imposing such unreasonable and costly restrictions on the document production, Defendants essentially have denied the United States reasonable access to these undisputedly discoverable documents. There is no dispute that the documents are responsive to the United States' discovery requests and relevant to the parties' claims and defenses and it is not feasible to accomplish on-site scanning of the volume of documents at issue in the manner Defendants suggest. The United States' proposal works no undue burden on the Town given the short turn-around time for each piece of the proposed document production.

Pursuant to Rule 34(b)(2)(E), Defendants are required to produce responsive documents as they are kept in the normal course of business or by organizing and labeling the production. *See* Fed. R. Civ. P. 34(b)(2)(E). While the rule permits a responding party to "state that inspection and related activities will be permitted *as requested*" (see Fed. R. Civ. P. 34(b)(2)(B) (emphasis added)) in lieu of production, it does not allow a party to unilaterally set unreasonable conditions for the inspection. The Town should not be permitted to thwart the government's attempt to obtain critical discovery.

The United States' proposal appropriately balances the interests at stake and the proportionality considerations underpinning the 2015 Amendments to the Federal Rules of Civil Procedure. Defendants characterize their proposal as involving "significant expense." The United States' proposal of a rolling production, while making a small portion of the Golden Age files unavailable to the Town for short periods of time, would cause minimal disruption. Moreover, the Town's proposal would not eliminate disruption to the Town's business; indeed, it still would require the government's vendor to make portions of the files unavailable to the Town while scanning and copying is being performed, and it would create the added disruption of placing multiple personnel and equipment in the middle of the Town's workspace. Balancing the dual interests of fact-finding and conservation of the parties' resources, the Court should direct Defendants to either produce copies of the Golden Age application files to the United States or make them make available to the government on a rolling basis for copying and scanning off-site.

                                                      Respectfully submitted,

                                                      ROBERT L. CAPERS
                                                      United States Attorney

By:      /s/_____
                                                      Michael J. Goldberger
                                                      Sean P. Greene
                                                      Assistant U.S. Attorneys
                                                      (718) 254-6052/ 6484