# COVINGTON

BEIJING BRUSSELS LONDON LOS ANGELES
NEW YORK SAN FRANCISCO SEOUL
SHANGHAI SILICON VALLEY WASHINGTON

Anthony Herman

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5280
aherman@cov.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 03 2016 ★

LONG ISLAND OFFICE

November 22, 2016

**VIA ECF**

Hon. Steven I. Locke
United States Magistrate Judge
Eastern District of New York
100 Courthouse Drive
Central Islip, NY 11722

Re: **United States of America v. Town of Oyster Bay and John Venditto,
Civil Action No. CV-14-2317 (ADS/ SIL)**

Dear Magistrate Judge Locke:

Defendants the Town of Oyster Bay and Town of Oyster Bay Supervisor John Venditto respectfully submit this letter in support of the motion of the United States to stay this case. Defendants agree with Plaintiff that a stay of this case is appropriate because, on October 18, 2016, a grand jury in the Eastern District of New York issued an indictment against Supervisor Venditto, charging him with conspiracy to commit federal program bribery, federal program bribery, conspiracy to commit honest services wire fraud, honest services wire fraud and obstruction of justice. *United States v. Mangano et al.*, Docket No. CR-16-540 (Azrack, J.). Defendants agree with the United States that, although the criminal charges differ from the allegations of discrimination in this civil action, both actions involve allegations placing in issue Mr. Venditto's conduct as Town of Oyster Bay Supervisor.

As this Court has recognized, courts have wide discretion to stay civil actions during the pendency of a criminal case where a stay serves the interests of justice. *Crawford & Sons, Ltd. v. Besser*, 298 F. Supp.2d 317, 319 (E.D.N.Y. 2004)(Spatt, J.)("It is well established that district courts have discretionary authority to stay a case when the interests of justice so require"). Defendants support Plaintiff's motion to stay this case because proceeding with the civil case concurrently with the criminal case would impose an extraordinary burden on Supervisor Venditto; the distraction necessarily entailed could compromise the Town's ability to mount an effective defense in the unrelated civil action; and Defendants are concerned about the ability to select an impartial jury in the civil case during the pendency of the entirely unrelated criminal case against Supervisor Venditto, who is a named defendant (in his official capacity) -- and, according to Plaintiff, a key witness -- in the civil action.

**COVINGTON**

Hon. Steven I. Locke
November 22, 2016
Page 2

      Accordingly, Defendants agree with the United States that "the interests of justice . . . require" that the Court stay this civil action until the conclusion of the unrelated criminal case against Supervisor Venditto.

                                              Respectfully submitted,

                                        /s/ Anthony Herman
                                        Anthony Herman
                                        Christian J. Pistilli
                                        Brett C. Reynolds

                                        *Counsel for Defendants Town of*
                                        *Oyster Bay and John Venditto*

cc:    Counsel of Record (via ECF)

The parties' joint request to stay this action pending the resolution of the criminal charges against the Oyster Bay Town Supervisor John Venditto is granted. SO ORDERED.

s/ Arthur D. Spatt                                      12/3/16
_____            _____
Arthur D. Spatt, U.S.D.J.                              Date