<a>
</a>

<a>
</a>



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SLR:SPG

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 20, 2018

VIA ECF
Honorable Arthur D. Spatt
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT

★ DEC 21 2018

LONG ISLAND OFFICE

Re:   *United States of America v. Town of Oyster Bay and John Venditto*
       Civil Action No. CV-14-2317 (Spatt, J.) (Locke, M.J.)

Dear Judge Spatt:

Plaintiff United States of America in this Fair Housing Act litigation respectfully submits this response to the Court's December 13, 2018 order that plaintiff show cause why this action should not be dismissed for failure to prosecute. Dkt. No. 89. As discussed below, the Court should decline to dismiss the action because the Court stayed it in December 2016 after defendant John Venditto, the former Oyster Bay Town Supervisor, was indicted on federal charges of official corruption. *See* Dkt. No. 84. Although Mr. Venditto's federal prosecution concluded in May of this year, he is currently under indictment on public corruption charges brought by New York State. In addition, in this civil action, Mr. Venditto is a named defendant and critical witness, and discovery cannot proceed without his testimony. Accordingly, for the same reasons that the Court issued the stay in December 2016, the stay should be continued until the state charges are resolved.

The United States filed this Fair Housing Act case against the Town of Oyster Bay (the "Town") and Venditto on April 10, 2014, challenging residency preferences in two Town affordable housing programs. The programs give incentives to developers to construct below-market rate housing in exchange for greater density allowances. Because the Town is almost 90% white and less than 3% African American, the preferences discriminate against African Americans and perpetuate segregation in the Town and in Nassau County.

Following the filing of the complaint, the parties engaged in substantial discovery and motion practice. The parties have taken more than a dozen depositions and exchanged more than 10,000 pages of documents. However, the discovery process was interrupted on October 18, 2016, when a federal grand jury in the Eastern District of New York indicted Mr. Venditto. *See United States v. Mangano et al.*, No. CR-16-540 (E.D.N.Y.) (Azrack, J.). Given the potential prejudice that could have resulted to both the criminal and civil actions by continuing the civil case, and in the interests of justice, the parties jointly requested that the Court enter a stay pending resolution of the criminal charges. Dkt. No. 81. The Court granted that request. Dkt. No. 84.

The federal criminal case against Mr. Venditto concluded on May 24, 2018. *See* No. CR-16-540, Dkt. No. 289. However, Venditto is still being prosecuted for state crimes related to his

*Honorable Arthur D. Spatt*
*December 20, 2018*
*Page 2*

official position as Town Supervisor. *See People v. Venditto*, Nos. 01020N-2017, 01021N-2017 (Nassau Cty. Crim. Ct.). That criminal matter is currently scheduled to proceed to trial on March 18, 2019.

Accordingly, continuation of the stay is warranted. As noted in the United States' November 22, 2016 letter in support of the stay, it is well established that a court properly exercises its discretionary authority to stay a civil case when it threatens to interfere with a related criminal proceeding. *See United States v. Kordel*, 397 U.S. 1, 12 n.7 (1970). Denying a stay of a civil action in the face of a criminal case "may undermine the defendants' Fifth Amendment privilege against self-incrimination, expose the basis of the defendant's criminal defense in advance of trial; or otherwise prejudice the criminal or civil case." *Crawford, & Sons, Ltd. v. Besser*, 298 F. Supp. 2d 317, 320 (E.D.N.Y. 2004) (Spatt, J.); *see Securities and Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980)("the noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of the criminal trial, or otherwise prejudice the case.")

Continuing the stay in this action will serve the interests of justice. Venditto is a critical witness in this case, and his deposition will involve probing and wide-ranging areas of questioning related to the creation and administration of the two housing programs at issue. Proceeding with his deposition now, while the state criminal case is pending, could implicate issues in the criminal case and Mr. Venditto's Fifth Amendment rights, forcing Venditto "into the uncomfortable position of having to choose between waiving [his] Fifth Amendment privilege or effectively forfeiting the civil suit." *Volmar Distributors, Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36 (S.D.N.Y. 1993). Moreover, given the breadth of civil discovery, taking the depositions of other witnesses during the pendency of the criminal case against Venditto could unwittingly implicate issues in the criminal case.

The status of the criminal case also militates in favor of a stay. "The key question is 'whether the criminal proceedings have substantially progressed beyond the investigatory stage to the filing of formal charges against a particular defendant, so that there is an imminent likelihood that the defendant will be subject to a criminal proceeding, including a trial, in the very near future.'" *In re 650 Fifth Avenue*, 2011 WL 3586189, at *3 (S.D.N.Y. Aug. 12, 2015), quoting *Parker v. Donovan*, 2007 WL 2462677 (E.D.N.Y. Aug. 27, 2007). Here, Mr. Venditto's criminal trial has been scheduled for March 18, 2019, three months from now.

*Honorable Arthur D. Spatt*
*December 20, 2018*
*Page 3*

At the time of the Court's December 2016 stay order, discovery was not complete; the Town was scheduled to produce more than 30,000 additional pages of records, and the United States required depositions of at least seven additional witnesses, including Mr. Venditto. Accordingly, if the Court denies plaintiff's request for a continued stay, the United States would be prepared to proceed with discovery, and would request that Magistrate Judge Locke schedule a status conference to devise an appropriate discovery schedule.

We have discussed this matter with counsel for the defendants. While defendants do not agree with all of the representations made by the Government in this letter, they agree that a continued stay is appropriate.

*[Handwritten: Request for the Stay to remain in effect is granted.]*

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: ____/s/_____
Michael J. Goldberger
Sean P. Greene
Assistant U.S. Attorneys
(718) 254-6052/ 6484

*[Handwritten signature: s/Arthur D. Spatt]*
U.S.D.J.    12/21/18