**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

THE UNITED STATES OF AMERICA,

              Plaintiff,

    -against-

THE TOWN OF OYSTER BAY and TOWN SUPERVISOR JOSEPH S. SALADINO, in his official capacity,

              Defendants.
---------------------------------------------------------------X

**MEMORANDUM AND ORDER**

14-CV-2317 (GRB)(LGD)

**GARY R. BROWN, United States District Judge**:

This action, which has been pending in this Court for more than eight years, and was delayed in part by the resolution of criminal charges against former defendant Venditto, involves claims by the United States lodged against defendants, alleging racial discrimination in connection with two low-income housing programs in the Town of Oyster Bay called "Next Generation" and "Golden Age." The complaint alleges that, by incorporating Town residency preferences into these programs, defendants effectively discriminate against African-Americans, few of whom reside within the Town, which is predominantly white.

In a Memorandum and Order dated January 3, 2022, Magistrate Judge Locke granted several motions to compel regarding depositions in this case, and denied a motion for reconsideration of those determinations via electronic order. DE 130; Electronic Order dated February 4, 2022. Before the Court are objections by defendants to two aspects of those orders, to wit: the direction that certain Town officials be subject to deposition and that depositions be conducted of attorneys employed by the Town. DE 137. For the reasons stated herein, defendants' objections to the deposition of Town officials are overruled and Judge Locke's Order is

1

AFFIRMED in this respect. As to deposition of the subject attorneys, largely due to shifting positions by counsel for the defendants in this litigation, Judge Locke's order is modified as discussed further herein.

*Facts and Procedural History*

The full factual background and procedural history of this case set forth in Judge Locke's discovery order are hereby incorporated by reference. *See* DE 130, at 2–4.

One aspect bears amplification. Much of the attorney-client and work product privilege questions turn on two documents produced in discovery: two versions of an opinion letter to the Town from its outside counsel concerning the legal risks associated with the housing programs. DE 127-1. The first version is unsigned, dated October 1, 2004, bears several handwritten notations and is boldly labeled "DRAFT." *Id.* at 1-10. The second, apparently a final, signed copy of the opinion letter, is dated three days later. *Id.* at 11-12. Comparing the differences between the two documents proves somewhat astonishing.[1]

Those differences are stark. The draft opinion letter consists of ten single-spaced pages of text that reads like a chapter from a textbook on discrimination law. *Id.* at 1-10. The draft examines potentially applicable federal and state housing discrimination provisions, contains excerpts from relevant court proceedings, and compares the Town's housing programs with those of neighboring municipalities. The draft notes that "the proposed law . . . could generate a legal challenge for alleged discrimination," but ultimately concludes that it "should . . . survive." *Id.* at 6. The draft's conclusion is as follows:

> As such, in our opinion, the proposed law does not violate federal or state prohibitions on discrimination or New York zoning principles. Additionally, in our opinion, the local law will likewise not violate federal or state prohibitions on

---

[1] At oral argument, counsel for defendants accused the Government of "significantly overstating the conclusion in the first draft of the memo and the difference between the first and the second draft." DE 122 at 33. Under these circumstances, that would be difficult to do.

discrimination or New York's zoning principles if it is implemented in a nonexclusionary fashion.

*Id.* at 10. A boldly written marginal inscription indicates that this conclusion "should be limited if finalized." *Id.*

The final version of the letter, signed and seemingly delivered to a Deputy Supervisor of the Town, is, well, different. Rather than the ten pages of the draft, it consists of just over a page and uses the word "discrimination" only twice. *Id.* at 11-12. It contains none of the detailed discussion about caselaw, statutes, risks and comparable programs. The conclusion is "limited" as suggested in the marginalia of the draft, but not in the way one might expect. It reads only, "[i]n our opinion, the proposed law as drafted does not contravene applicable federal, state or local laws prohibiting discrimination or analogous New York zoning law principles." *Id.* at 12.

The differences between the two documents raise questions about what happened during those three days. Those questions explain, in part, Judge Locke finding that "it is a foregone conclusion that Defendants will invoke the right they seek to reserve, namely to introduce their own evidence explaining the difference between them." DE 130 at 13. Defendants now contend otherwise.

**Standard of Review**

As Chief Judge Brodie observed:

A magistrate judge is authorized "to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were 'clearly erroneous or contrary to law.'" *McNamee v. Clemens*, No. 09–CV–1647, 2014 WL 1338720, at *2 (E.D.N.Y. Apr. 2, 2014) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Thomas E. Hoar Inc. v. Sara Lee Corp.*, 990 F.2d 552, 525 (2d Cir. 1990). An order is clearly erroneous if, based on all the evidence, a reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir.2012). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Weiner v. McKeefery*, No. 11–CV–2254, 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014) (citation and internal quotation marks omitted). Under

3

> this highly deferential standard, magistrate judges are "afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused." *McNamee*, 2014 WL 1338720, at *2 (citing *Thomas E. Hoar, Inc.*, 990 F.2d at 524 and *United States v. District Council*, 782 F.Supp. 920, 922 (S.D.N.Y.1992)).  Therefore, "a party seeking to overturn a discovery order [by a magistrate judge] bears a heavy burden." *Bachayeva v. Americare Certified Special Servs.*, No. 12–CV–1466, 2013 WL 4495672, at *1 (E.D.N.Y. Aug. 20, 2013) (quoting *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F.Supp.2d 399, 403 (E.D.N.Y. 2011).  Where a party serves and files objections to a magistrate judge's decision on "a pretrial matter not dispositive of a party's claim or defense" within fourteen days of that decision, "[t]he district judge in the case must consider [those] timely objections" to the magistrate judge's decision "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed .R. Civ. P. 72(a).

*Storms v. United States*, No. 13-CV-0811 (MKB), 2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014).

**Discussion**

*1. Depositions of the Town's Attorneys*

At oral argument of the motion to compel the deposition of the Town's attorneys, the Government advised that it intended to introduce the opinion letters at trial.  In response, defendants' counsel represented that the Town would "want to respond and will want to put them in context and explain what happened," DE 122, Tr. at 34:1-3, and "in fairness, the town would have to have an opportunity to respond at trial." *Id.* at 34:5-7.  That response, counsel clarified, would include waiving attorney-client privilege at the time of trial and calling an attorney – whose deposition defendants are now resisting on the grounds of privilege – to testify. *Id.* at 34-35.

In a post-argument letter brief, counsel walked back this representation, noting "[t]he Town's position is, as it has been, that it does not intend to offer either the memos or testimony about the memos at trial."  DE 128, at 2.  Yet the Town's position remained opaque and conditional, with qualifiers like this:

> The parties and the Court cannot anticipate today everything that might happen at trial or how the trial judge might rule on the admissibility of evidence.  But the applicable privilege analysis does not require them to foresee every move at this

4

stage. So long as the Town does not intend to introduce the documents or rely on them at trial—and it does not—the privilege holds.

*Id.* And the Town's position rested upon some highly dubious assertions, contending, for example, that "[t]he memos should not be admissible or helpful to the Government at trial, so the Town should have no need to respond with otherwise privileged information." *Id.* While the question of admissibility is not before the Court at this juncture, the contention that these memos would not be helpful to the Government at trial seems ludicrous.

On this record, Judge Locke properly found that the Town would be calling its attorneys as witnesses at trial to explain the vast differences between the draft and final opinion letters. As such, Judge Locke properly granted the government's motion to compel the depositions of the Town's attorneys. It is, after all, "established law in [the Second Circuit] that '[b]oth the attorney-client and work-product privileges may be waived if a party puts the privileged communication at issue by relying on it to support a claim or defense.'" *Cicel (Beijing) Sci. & Tech. Co. v. Misonix, Inc.*, 331 F.R.D. 218, 228 (E.D.N.Y. 2019) (quoting *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 40 (E.D.N.Y. 2013)). A "party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party." *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000).

In connection with its objections, claiming that "[t]he Town has been and continues to be clear in its position," a highly debatable proposition, the Town attempts to repudiate its earlier reservation of the right to call its counsel by, among other things, stating the following:

> **The Town is *not* asserting an advice of counsel defense or otherwise putting the legal memos at issue.**
>
> **The Town is *not* "reserving its right" to call attorneys to explain the memos at trial.**

5

DE 139, at 3 (emphasis in original).  After making these statements, counsel concludes by asserting that "[t]he English language does not afford the Town the ability to make its denial any stronger." *Id.*  Of course, it does.  Because, notwithstanding the bold, italicized language, which far exceeds anything that was presented to Judge Locke, a question still remains:  Is the Town calling its counsel as witnesses for any purpose?  Because, if it is, the depositions should go forward as ordered.  On the other hand, if the Town is opting to protect its privileged information through the exclusion of testimony evidence from its attorneys, a different outcome is warranted.

Of course, the waiver of attorney-client privilege is a serious matter and, notwithstanding all of the vacillation in this case, the Court is reticent to take such a step based upon the oscillating positions taken by the defendants.  Particularly given the age of this case, further delay is inappropriate.  Therefore, within ten days, counsel shall serve and file a written statement which will either (1) indicate that the Town will not call any attorney to testify at trial for any purpose or (2) identify all attorneys that it might call for any purpose and contact Government counsel to arrange depositions consistent with Judge Locke's order.

   2.  *Depositions of Current Town Officials*

Judge Locke granted the government's motion to compel the depositions of current Town Officials because the "Town Officials' current intent and understanding concerning continued administration of the Programs, as well as their knowledge of prior motivations for maintaining them, are relevant to the Government's discrimination claims."  DE 130, at 10.  Judge Locke's thoughtful determination represents a proper application of existing law.  *See U.S. v. Yonkers Bd. of Educ.*, 837 F.2d 1181, 1226–27 (2d Cir. 1987) (official intent to discriminate may be inferred from "contemporary statements by members of the decision-making body").  Thus, compelling the depositions of the current Town Officials was not clearly erroneous or contrary to law.

6

**Conclusion**

For the reasons stated herein, defendants' objections are overruled and Judge Locke's Order is AFFIRMED. However, as set forth above, defendants have ten days to file a letter indicating that either (1) the Town will not call any attorney to testify at trial for any purpose or (2) identify all attorneys that it might call for any purpose, who will then be subject to deposition. SO ORDERED.

Dated: Central Islip, New York
September 27, 2022

                                               /s/ Gary R. Brown_____
                                              GARY R. BROWN
                                              United States District Judge